## TEMPLIN v. NATIONAL MUTUAL FIRE INSURANCE CO., et al.

No. 73-8509.

Circuit Court, Orange County.

March 5, 1974.

Roy J. Morgan, Orlando, for the plaintiff.

Fred M. Peed, Orlando, for the defendent insurance company.

CLAUDE R. EDWARDS, Circuit Judge.

This cause having come on for hearing before the court on February 28, 1974, upon plaintiff's motion for summary judgment and the court having heard argument of counsel for both parties,

and being otherwise fully advised in the premises, it is thereupon, ordered and adjudged that plaintiff's motion for partial summary judgment be and the same is granted.

The Florida Automobile Reparations Reform Act, Florida Statute 627.736(4), provides that — "Benefits due from an insurer [under this act] shall be primary, except that benefits *received* [emphasis added] under any workmen's compensation law shall be credited against the benefits provided by subsection (1) of section 7 . . ."

It is the court's interpretation that plaintiff is entitled to no fault benefits from defendant since plaintiff has not received workmen's compensation benefits for which defendants could take a credit.

Furthermore, the Endorsement 971A entitled "Amendatory Endorsement, Florida Automobile Reparations Reform Act," which is part of the defendant's insurance contract or policy, sets forth an exclusion which states — "This insurance does not apply to the extent that benefits are paid or payable under any workmen's compensation law."

This exclusion of defendant's insurance policy relating to workmen's compensation benefits payable appears to be in conflict with the language of Florida Statute 627.736(4), in that workmen's compensation must be received, and therefore the exclusion contained in the insurance policy relating to the non-applicability of no fault benefits when workmen's compensation benefits are payable will be given no effect.

It is further ordered and adjudged that there appears to be a void in the Florida Automobile Reparations Reform Act with respect to the workmen's compensation insurance carrier taking credit for no fault benefits paid. In other words, it may be possible for an injured party while working in the scope of his employment to first obtain no fault benefits and then later obtain workmen's compensation benefits for the same loss of earnings or medical bills.

Therefore, so as to prevent a windfall for the injured party, the following options are available to plaintiff —

1. Plaintiff will waive his right to workmen's compensation.

2. Plaintiff will exercise his right to workmen's compensation and this action will abate.

3. Plaintiff will secure agreement between defendant and the workmen's compensation carrier to the effect that if plaintiff exercises his right to workmen's compensation, then the work-

men's compensation carrier will reimburse the defendant for the benefits provided to plaintiff under the no fault law.

4. Written evidence of selection of 1, 2, or 3 shall be filed by April 6, 1974.